J-A06033-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RICHARD ELLIOT MAHAN | : | |
| | : | |
| Appellant | : | No. 1440 EDA 2024 |

Appeal from the Judgment of Sentence Entered April 11, 2024
In the Court of Common Pleas of Wayne County Criminal Division at
No(s): CP-64-CR-0000149-2013

BEFORE:   PANELLA, P.J.E., LANE, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:                **FILED MARCH 18, 2025**

Richard Elliot Mahan appeals from the April 11, 2024 aggregate judgment of sentence of 42 to 180 months' imprisonment imposed after he pled guilty to possession with intent to deliver a controlled substance ("PWID") and tampering with or fabricating physical evidence.[1] After careful review, we affirm the judgment of sentence.

The relevant facts and procedural history of this case, as gleaned from the certified record, are as follows:  On May 9, 2023, Appellant was charged with multiple counts of PWID and related offenses in connection with his participation in several controlled buys with a Confidential Informant and the

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 35 P.S. § 780-113(a)(30) and 18 Pa.C.S.A. § 4910(1), respectively.

subsequent traffic stop of his vehicle. Appellant began convulsing while in police custody and ultimately acknowledged to officers that he had swallowed approximately 1.5 grams of cocaine during the course of the traffic stop. ***See*** notes of testimony, 3/7/24 at 4-5.

From May 9, 2023 through October 9, 2023, Appellant was represented by William D. Thompson, Esq. ("Attorney Thompson"). Appellant was initially scheduled to enter a guilty plea on October 9, 2023, but the plea was rescheduled for November 9, 2023. On that date, Appellant indicated to the trial court that he was firing Attorney Thompson. Andrew J. Katsock, III, Esq. ("Attorney Katsock") entered his appearance on behalf of Appellant on November 17, 2023.

Thereafter, on January 29, 2024, Appellant filed an ***omnibus*** pre-trial motion to suppress the physical evidence as well as his statements to police. Following argument, the trial court denied Appellant's suppression motion as untimely on February 29, 2024, noting that he waived all his suppression issues by failing to comply with Pa.R.Crim.P. 579. On March 7, 2024, Appellant pled guilty to one count each of PWID methamphetamine in excess of ten grams and tampering with or fabricating physical evidence. As noted, the trial court sentenced Appellant to an aggregate term of 42 to 180 months' imprisonment on April 11, 2024. Appellant received credit for time-served from March 7, 2023 to April 11, 2024.

- 2 -

On April 21, 2024, Appellant filed a timely post-sentence motion to modify or reduce his sentence that was denied by the trial court the following day. This timely appeal followed on May 22, 2024. On May 23, 2024, the trial court directed Appellant to file a concise statement of errors complained of on appeal, in accordance with Pa.R.A.P. 1925(b), within 21 days. Appellant filed his timely Rule 1925(b) statement on June 13, 2024, and the Honorable Janine Edwards filed her Rule 1925(a) opinion on July 9, 2024.

Appellant raises the following issues for our review:

1. Did the trial court abuse its discretion by denying [Appellant's] **omnibus** pre-trial motions?

2. Did the trial court err and abuse its discretion by failing to consider the sentencing guidelines as required by law and failing to provide adequate reasons for its imposition of sentence at the highest end of the sentencing guidelines?

3. Did the trial court err and abuse its discretion by failing to consider the sentencing code as a whole in its deviation from the sentencing guidelines and its imposition of an unreasonable and excessive sentence at the highest end of the sentencing guidelines?

4. Did the trial court err and abuse its discretion by failing to consider or give appropriate weight to the circumstances of the offense, [Appellant's] background, mitigating circumstances, and/or refusing to reduce the aggregate sentence imposed of 42 months to 180 months?

Appellant's brief at 4-5 (extraneous capitalization and parentheticals omitted).

Appellant first argues that the trial court abused its discretion in denying his **omnibus** pre-trial suppression motion as untimely under Rule 579. **Id.** at 10-12.

We review the trial court's determination that a suppression motion was untimely for an abuse of discretion. **Commonwealth v. Micklos**, 672 A.2d 796, 802 (Pa.Super. 1996) (**en banc**), **appeal denied**, 686 A.2d 1309 (Pa. 1996). "A mere error of judgment does not constitute an abuse of discretion. Rather, a trial court abuses its discretion if in reaching a conclusion[,] the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable or the result of partiality, prejudice, bias, or ill-will as shown by the evidence or the record[.]" **Id.** at 803 (citations omitted).

Pennsylvania Rule of Criminal Procedure 579 provides, in relevant part, as follows:

> (A) Except as otherwise provided in these rules, **the omnibus pretrial motion for relief shall be filed and served within 30 days after arraignment**, unless opportunity therefor did not exist, or the defendant or defense attorney, or the attorney for the Commonwealth, was not aware of the grounds for the motion, or unless the time for filing has been extended by the court for cause shown.

Pa.R.Crim.P. 579(A) (emphasis added).

If a defendant files an untimely **omnibus** pretrial motion, the defendant's suppression issues "shall" be deemed waived "[u]nless the opportunity [to raise the issue(s)] did not previously exist" or the court excuses the defendant's tardiness in the "interests of justice[.]" Pa.R.Crim.P.

- 4 -

581(B). However, "[c]ourts are reluctant to excuse untimely motions arguing issues that the defendant could have timely raised by the original due date." *Commonwealth v. Westlake*, 295 A.3d 1281, 1287 (Pa.Super. 2023) (citations omitted).

Here, the trial court found that Appellant's suppression motion was untimely and that he waived all his suppression issues by failing to comply with Rule 579(A):

> [Appellant] filed a waiver of court arraignment on May 19, 2023. [Appellant's] *omnibus* pre-trial motion containing the motions to suppress was filed eight (8) months and ten (10) days later on January 29, 2024. [Appellant] did not provide any justification for [his] failure to comply with Rule 579 in the *omnibus* motion or during oral argument on February 29, 2024. At argument, Attorney Katsock, who represented [Appellant] since November 2023, has only stated that [Appellant's] prior counsel of record failed to file such a motion. Therefore, [Appellant] waived the suppression issues, and this Court properly dismissed [Appellant's] untimely motions to suppress.

Trial court opinion, 7/9/24 at 5 (extraneous capitalization omitted).

Upon review, we find that the record fully supports the trial court's determination that Appellant's *omnibus* pre-trial suppression motion was untimely filed. Appellant has provided no valid explanation under Rule 579 to justify his decision to file his suppression motion more than 8 months after waiver of arraignment, and 73 days after Attorney Katsock became his counsel of record. Accordingly, no relief is due.

Appellant's remaining claims challenge whether the trial court abused its discretion in fashioning his sentence. Specifically, Appellant argues that his sentence "was unreasonable and excessive" and that the trial court failed to consider various mitigating factors, including the circumstances of the offense; the impact the sentence will have on him and his family; his background and history of alcohol abuse; and his capacity to change and rehabilitate himself. Appellant's brief at 4-5, 13-24.

"Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion." ***Commonwealth v. Zirkle***, 107 A.3d 127, 132 (Pa.Super. 2014) (citation omitted), ***appeal denied***, 117 A.3d 297 (Pa. 2015). Appellant must "establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision." ***Commonwealth v. Bullock***, 170 A.3d 1109, 1123 (Pa.Super. 2017) (citation omitted), ***appeal denied***, 184 A.3d 944 (Pa. 2018).

Where an appellant challenges the discretionary aspects of his sentence, as is the case here, the right to appellate review is not absolute. ***Commonwealth v. Conte***, 198 A.3d 1169, 1173 (Pa.Super. 2018), ***appeal denied***, 206 A.3d 1029 (Pa. 2019). On the contrary, an appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying the following four-part test:

> (1) whether the appeal is timely; (2) whether appellant preserved his issue; (3) whether appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code.

*Commonwealth v. Carrillo-Diaz*, 64 A.3d 722, 725 (Pa.Super. 2013) (citations omitted).

Instantly, the record reveals that Appellant filed a timely notice of appeal and preserved his sentencing claim in his post-sentence motion to modify or reduce his sentence. Appellant has also included a statement in his brief that comports with the requirements of Pa.R.A.P. 2119(f). *See* Appellant's brief at 8. Accordingly, we must determine whether Appellant has raised a substantial question.

"The determination of what constitutes a substantial question must be evaluated on a case-by-case basis." *Commonwealth v. Griffin*, 65 A.3d 932, 935 (Pa.Super. 2013) (citation omitted), *appeal denied*, 76 A.3d 538 (Pa. 2013). "A substantial question exists only when appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Commonwealth v. Glass*, 50 A.3d 720, 727 (Pa.Super. 2012) (citation omitted), *appeal denied*, 63 A.3d 774 (Pa. 2013).

"This Court repeatedly has held that a claim of inadequate consideration of mitigating factors does not raise a substantial question for our review." **Commonwealth v. Crawford**, 257 A.3d 75, 79 (Pa.Super. 2021) (citations omitted). In **Commonwealth v. Caldwell**, 117 A.3d 763 (Pa.Super. 2015), **appeal denied**, 126 A.3d 1282 (Pa. 2015), a panel of this Court reiterated that, "ordinarily, a claim that the sentencing court failed to consider or accord proper weight to a specific sentencing factor does not raise a substantial question." **Id.** at 769. Likewise, an assertion that the trial court failed to consider the defendant's background, use of alcohol, or rehabilitative needs does not raise substantial question. **See Commonwealth v. Cannon**, 954 A.2d 1222, 1228-1229 (Pa.Super. 2008), **appeal denied**, 964 A.2d 893 (Pa. 2009).

Based on the foregoing, we find that Appellant's argument fails to raise a substantial question, and, therefore, he has not preserved his challenge to the discretionary aspects of sentencing.

In reaching this decision, we note that courts in this Commonwealth have also held that a claim that a sentence was unduly excessive – in conjunction with an assertion that the court failed to consider mitigating factors – may raise a substantial question. **See e.g.**, **Commonwealth v. Johnson**, 125 A.3d 822, 826 (Pa.Super. 2015). Alternatively, even if Appellant had raised a substantial question for this Court's consideration, we would find no abuse of discretion. The record belies Appellant's claim that the

trial court failed to thoroughly consider and weigh numerous mitigating factors in fashioning his sentence. As the trial court properly noted in its Rule 1925(a) opinion, it considered Appellant's extensive criminal history and seven prior convictions; his "family history, difficult childhood, and extensive drug and alcohol history[;]" his rehabilitative needs; the need to protect the public; and the seriousness of the offense. *See* trial court opinion, 7/9/24 at 3-4. The record further reflects that the trial court was in possession of a presentence investigation ("PSI") report and considered its findings. *Id.* at 4. Where the trial court has the benefit of a PSI report, "we shall . . . presume that the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." *Commonwealth v. Antidormi*, 84 A.3d 736, 761 (Pa.Super. 2014) (citation omitted), *appeal denied*, 95 A.3d 275 (Pa. 2014).

Accordingly, for all the foregoing reasons, we affirm the April 11, 2024 judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 3/18/2025

- 9 -